[Cite as *State v. Minton*, 2018-Ohio-2142.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO.   CA2017-08-132 |
| | : | O P I N I O N |
| - vs - | | 6/4/2018 |
| | : | |
| DONNIE MINTON, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 17CR32817

David P. Fornshell, Warren County Prosecuting Attorney, Kathryn M. Horvath, 520 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellee

William F. Oswall, Jr., 110 East Court Street, Cincinnati, Ohio 45202, for defendant-appellant

**RINGLAND, J.**

{¶ 1}   Defendant-appellant, Donnie Minton, appeals his conviction in the Warren County Court of Common Pleas for operating a vehicle while under the influence of alcohol ("OVI").  For the reasons detailed below, we affirm.

{¶ 2}   In the early morning hours of February 11, 2017, Minton entered a Circle K convenience store to purchase cigarettes.  The employee who assisted in the transaction believed that Minton was intoxicated and called 911 to report a possible drunk driver.

{¶ 3} Shortly thereafter, Trooper Matthew Keener observed Minton's vehicle make a wide left turn onto State Route 73 without using his turn signal. Trooper Keener began following Minton, noting that he was traveling at a high rate of speed, and had driven his vehicle left of center by approximately two tire widths.

{¶ 4} Trooper Keener then initiated a traffic stop. When Trooper Keener approached the vehicle, Minton advised that he did not have a valid driver's license. During his interaction with Minton, Trooper Keener stated that he noticed that Minton's eyes were bloodshot and glassy and there was the odor of an alcoholic beverage coming from the vehicle. Trooper Keener also stated that Minton's speech was sluggish and slurred.

{¶ 5} Trooper Keener then asked Minton to exit his vehicle. When he exited the vehicle, Trooper Keener observed that Minton staggered and appeared unsteady. Minton admitted that he had consumed two beers. Trooper Keener then attempted to perform the horizontal gaze nystagmus ("HGN") test on Minton. Though Minton was instructed to follow Trooper Keener's pen with his eyes only, Minton "just moved his head with his eyes the entire time." Because Minton was either unable to complete the test or was uncooperative, Trooper Keener asked Minton to perform two other field sobriety tests, but Minton refused.

{¶ 6} Officer James Cagg approached the scene shortly after Trooper Keener had initiated the traffic stop. Officer Cagg had been dispatched to the area as a result of the Circle K 911 call. When Officer Cagg approached, he realized that Minton's license plate matched the description from the 911 call. Officer Cagg also observed that Minton had a glassy stare and appeared intoxicated.

{¶ 7} Trooper Keener placed Minton under arrest for OVI. Minton refused chemical testing and signed the BMV 2255 form indicating refusal. Minton was indicted on two counts of OVI in violation of R.C. 4511.19, both third-degree felonies, and charged with accompanying specifications that Minton had five or more prior OVI convictions within the

past 20 years in violation of R.C. 2941.1413.

{¶ 8} Prior to trial, Minton moved for the suppression of evidence or dismissal of the case. Following a hearing, the trial court denied Minton's motion. The matter then proceeded to a jury trial. At the close of the state's evidence, Minton moved for, and the trial court granted, the dismissal of the two specifications pursuant to Crim.R. 29. Following deliberation, the jury returned guilty verdicts on both counts of OVI. The state proceeded with sentencing on one count and Minton was sentenced to a three-year prison term. Minton now appeals, raising four assignments of error for review.

{¶ 9} Assignment of Error No. 1:

{¶ 10} THE TRIAL COURT ERRED WHEN IT OVERRULED DEFENDANT-APPELLANT'S MOTION TO SUPPRESS.

{¶ 11} In his first assignment of error, Minton argues the trial court erred by denying his motion to suppress. Minton argues that there was no probable cause for his arrest and maintains that none of the driving infractions observed by Trooper Keener suggest impaired driving. We disagree.

{¶ 12} Appellate review of a trial court's decision to grant or deny a motion to suppress is a mixed question of law and fact. *State v. Bell*, 12th Dist. Clermont No. CA2008-05-044, 2009-Ohio-2335, ¶ 8. Acting as the trier of fact, the trial court is in the best position to resolve factual questions and evaluate witness credibility. *State v. Harsh*, 12th Dist. Madison No. CA2013-07-025, 2014-Ohio-251, ¶ 9. Therefore, when reviewing the denial of a motion to suppress, a reviewing court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Durham*, 12th Dist. Warren No. CA2013-03-023, 2013-Ohio-4764, ¶ 14. "An appellate court, however, independently reviews the trial court's legal conclusions based on those facts and determines, without deference to the trial court's decision, whether as a matter of law, the facts satisfy the

appropriate legal standard." *Id.*

{¶ 13}  "In order to arrest a person without a warrant an officer must have probable cause." *State v. Aslinger*, 12th Dist. Preble No. CA2011-11-014, 2012-Ohio-5436, ¶ 13, citing *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223 (1964).  Probable cause to arrest for OVI exists when, at the moment of arrest, the arresting officer had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, to cause a prudent person to believe the accused was driving under the influence of alcohol.  *State v. Way*, 12th Dist. Butler No. CA2008-04-098, 2009-Ohio-96, ¶ 30.  This determination is based on the totality of the surrounding circumstances.  *Id.*

{¶ 14}  At the suppression hearing, Trooper Keener testified that he initiated the traffic stop after he observed Minton make four separate moving violations.  Trooper Keener testified that he arrested Minton for OVI based on his observations and the totality of the circumstances.  Trooper Keener testified that he detected the odor of an alcoholic beverage coming from inside the vehicle and Minton admitted to consuming two beers that evening. Trooper Keener also observed that Minton's eyes were bloodshot and glassy.  When Trooper Keener attempted to administer the HGN test, Minton either would not cooperate or could not follow the directions of the test.  Minton then refused all other field sobriety testing. Furthermore, Trooper Keener also stated that Minton's speech was sluggish and slurred, and he was unsteady on his feet.

{¶ 15}  We find there was probable cause to arrest Minton for OVI because Trooper Keener had sufficient evidence to cause a prudent person to believe Minton was operating a vehicle under the influence of alcohol.  Despite Minton's arguments to the contrary, Trooper Keener properly initiated the traffic stop based on Minton's traffic offenses and, upon his interaction with Minton, could conclude there was probable cause to arrest for OVI.  As a result, we find the trial court did not err by denying Minton's motion to suppress.  Minton's first

- 4 -

assignment of error is overruled.

{¶ 16} Assignment of Error No. 2:

{¶ 17} DEFENDANT-APPELLANT'S CONVICTION [sic] WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 18} In his second assignment of error, Minton alleges that the jury's verdict was against the manifest weight of the evidence. Minton's argument is without merit.

{¶ 19} A manifest weight challenge concerns the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. *State v. Vunda*, 12th Dist. Butler Nos. CA2012-07-130 and CA2013-07-113, 2014-Ohio-3449, ¶ 34. In assessing whether a conviction is against the manifest weight of the evidence, a reviewing court examines the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses, and determines whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Sess*, 12th Dist. Butler No. CA2015-06-117, 2016-Ohio-5560, ¶ 13.

{¶ 20} Minton was convicted of third-degree felony OVI in violation of R.C. 4511.19(A)(1)(a), which provides that "[n]o person shall operate any vehicle * * * if, at the time of the operation * * *[t]he person is under the influence of alcohol, a drug of abuse, or a combination of them."

{¶ 21} We find Minton's conviction was supported by the manifest weight of the evidence. Trooper Keener testified at trial about his observations that Minton had bloodshot and glassy eyes and there was the odor of an alcoholic beverage coming from the vehicle. Trooper Keener described Minton's speech as sluggish and slurred and he appeared unsteady on his feet. Minton also admitted consuming two beers and was unable to perform the HGN test. The state also presented the testimony of the Circle K employee who testified

that, based on Minton's conduct in the store, she was convinced that Minton was intoxicated and therefore called 911. The state also presented the testimony of Officer Cagg who observed Minton's bloodshot and glassy eyes and believed Minton was intoxicated. Officer Cagg also noted that he had previously attended school with Minton and was surprised that he did not appear to recognize him during the stop. Finally, the state presented judgment entries from Minton's prior felony OVIs to elevate the instant offense to a third-degree felony.

{¶ 22} After a careful review of the record, we do not conclude that the jury lost its way and committed a manifest miscarriage of justice in convicting Minton of OVI. It is well-established that a conviction is not against the manifest weight of the evidence simply because the trier of fact believed the prosecution testimony. *State v. Lunsford*, 12th Dist. Brown No. CA2010-10-021, 2011-Ohio-6529, ¶ 17. The jury, acting as trier of fact, was in the best position to resolve factual questions. *State v. Whitt*, 12th Dist. Warren Nos. CA2017-05-061 and CA2017-05-065, 2018-Ohio-1257, ¶ 18. Accordingly, we find Minton's conviction was not against the manifest weight of the evidence. Minton's second assignment of error is overruled.

{¶ 23} Assignment of Error No. 3:

{¶ 24} DEFENDANT-APPELLANT'S CONVICTION MUST BE REVERSED DUE TO PROSECUTORIAL MISCONDUCT.

{¶ 25} In his third assignment of error, Minton argues the prosecutor engaged in prosecutorial misconduct by making prejudicial statements during his closing argument that denied him a fair trial. This argument lacks merit.

{¶ 26} The state is entitled to a certain degree of latitude in making its concluding remarks. *State v. Layne*, 12th Dist. Clermont No. CA2009-07-043, 2010-Ohio-2308, ¶ 58. A court will find prosecutorial misconduct only when the remarks made during closing were improper and those improper remarks prejudicially affected the defendant's substantial rights.

*State v. Elmore*, 111 Ohio St.3d 515, 2006-Ohio-6207, ¶ 62. "The focus of an inquiry into allegations of prosecutorial misconduct is upon the fairness of the trial, not upon the culpability of the prosecutor." *State v. Gray*, 12th Dist. Butler No. CA2011-09-176, 2012-Ohio-4769, ¶ 57, citing *State v. Vanloan*, 12th Dist. Butler No. CA2008-10-259, 2009-Ohio-4461, ¶ 32. Therefore, a finding of prosecutorial misconduct will not be grounds for reversal unless the defendant has been denied a fair trial because of the prosecutor's prejudicial remarks. *Layne* at ¶ 60.

**{¶ 27}** Minton argues the state commented on Minton's failure to present evidence or testify during closing argument. *State v. Dougherty*, 12th Dist. Butler Nos. CA2010-02-036 and CA2010-02-037, 2011-Ohio-788, ¶ 38 ("a prosecutor's comments regarding a defendant's failure to testify violates the accused's Fifth Amendment right to remain silent"). In so doing, Minton references the following statement made by the prosecutor:

> As I said from the beginning, they want you to ignore just about everything he said and everything he did, the clerk. [sic] She's crazy, she doesn't know what she's talking about. Officer Cagg, he doesn't know what he's talking about. He didn't observe anything. What evidence did they present to show anything from what they told you?

Thereafter, Minton's trial counsel objected and the prosecutor stated that he would "back off."

**{¶ 28}** Upon review, we find the statements made by the prosecutor do not amount to prosecutorial misconduct. Contrary to Minton's argument, the prosecutor's statement was not a suggestion that Minton had a weak case because he did not testify or present any evidence. When taken in context, the prosecutor's statements refer to defense counsel's attempts to discredit the state's witness, most notably, defense counsel's suggestion that the Circle K employee had been "smoking something" or needed "thicker glasses" based on her observations. The prosecutor's statement was not improper, nor did it deprive Minton of a fair trial.

{¶ 29} Finally, we note the trial court instructed the jury that closing arguments of counsel were not evidence. We must presume that the jury followed the trial court's statements and, therefore, did not rely on the closing arguments in their deliberations. *Gray*, 2012-Ohio-4769 at ¶ 62; *Vanloan*, 2009-Ohio-4461 at ¶ 38. In conclusion, the record does not support a finding that the state committed prosecutorial misconduct. Minton's third assignment of error is overruled.

{¶ 30} Assignment of Error No. 4:

{¶ 31} THE CONVICTION OF DEFENDANT-APPELLANT MUST BE REVERSED DUE TO THE IMPROPER ADMISSION OF DEFENDANT-APPELLANT'S PRIOR CONVICTIONS.

{¶ 32} In his fourth assignment of error, Minton argues that only one prior OVI conviction was necessary to convict him of a third-degree felony OVI pursuant to R.C. 4511.19. Therefore, Minton argues that it was improper to admit evidence identifying three prior felony OVI convictions. Minton's argument is without merit.

{¶ 33} A trial court has broad discretion in determining the admissibility of evidence at trial. *State v. Wyatt*, 12th Dist. Butler No. CA2010-07-171, 2011-Ohio-3427, ¶ 7. Absent an abuse of discretion and a showing the appellant suffered material prejudice, an appellate court will not disturb a trial court's ruling as to the admissibility of evidence. *Id.*

{¶ 34} Evid.R. 403(A) provides that "[a]lthough relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." While evidence that tends to disprove a party's rendition of the facts necessarily harms that party's case, only evidence that is unfairly prejudicial is excludable under Evid.R. 403(A). *State v. Crotts*, 104 Ohio St. 3d 432, 2004-Ohio-6550, ¶ 23.

{¶ 35} In the present case, Minton was charged with two specifications under R.C.

2941.1413(A), which require the state prove that Minton had been previously convicted of five or more OVI offenses within 20 years of the instant offense. The trial court admitted three judgment entries reflecting prior felony OVI conviction. However, following the close of the state's case-in-chief, the trial court granted Minton's Crim.R. 29 motion because the judgment entries did not show that all of the convictions occurred within 20 years. Following closing arguments, Minton requested that only evidence of one prior felony conviction be offered into evidence.

{¶ 36} We find the trial court did not abuse its discretion by admitting the additional judgment entries. The three judgment entries were introduced during the evidentiary phase of the trial, prior to the Crim.R. 29 motion, and the jury had already heard evidence as to those convictions without objection from counsel. In this instance, the state was required to prove a prior felony OVI conviction and could introduce the three prior convictions because Minton did not enter a stipulation. The jury could have found that two of the prior convictions were not proven, thus the state presented three prior instances during its case-in-chief. Minton was not prejudiced by the fact that the jury was permitted to see the evidence already submitted.[1]

{¶ 37} Furthermore, the trial court instructed the jury that whether Minton had a prior felony OVI conviction was to be considered separately after determining whether Minton was guilty of the instant offense. *See State v. Partin*, 12th Dist. Butler No. CA2012-09-189, 2013-Ohio-2858, ¶ 38 (the jury is presumed to have followed the trial court's instructions). In addition, Minton's conviction was based on overwhelming evidence and any error as to this issue would be harmless. *See State v. Horne*, 12th Dist. Clermont No. CA2016-10-071, 2017-Ohio-7539, ¶ 20.

---

1. Though Minton cites *State v. Baird*, 11th Dist. Lake No. 2014-L-098, 2015-Ohio-4539, that case involves a party stipulation.

{¶ 38} Finally, although Minton does not raise the issue as a separate assignment of error, he argues that he received ineffective assistance of counsel because his trial counsel failed to object to the admissibility of the prior felony OVI convictions during the state's case-in-chief. However, as noted above, the state presented multiple judgment entries prior to the Crim.R. 29 motion for purposes of proving both the specification and the felony degree offense. Those prior convictions were admissible under Evid.R. 403. As such, Minton's argument is without merit and would have been meritless if raised by trial counsel. *State v. Yarbrough*, 104 Ohio St.3d 1, 2004-Ohio-6087, ¶ 117 ("counsel is not deficient for failing to raise a meritless issue"). As a result, we overrule Minton's fourth assignment of error.

{¶ 39} Judgment affirmed.

HENDRICKSON, P.J., and M. POWELL, J., concur.