[Cite as *State v. Villani*, 2019-Ohio-1831.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2018-04-080 |
| | : | O P I N I O N |
| - vs - | | 5/13/2019 |
| | : | |
| RANDY VILLANI, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2017-07-1138

Michael T. Gmoser, Butler County Prosecuting Attorney, Michael Greer, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

Michele Temmel, 6 South Second Street, #305, Hamilton, Ohio 45011, for appellant

**HENDRICKSON, P.J.**

{¶ 1} Appellant, Randy Villani, appeals his convictions for aggravated burglary, robbery, disrupting public services, and aggravated menacing in the Butler County Court of Common Pleas. For the reasons stated below, we affirm his convictions.

**I. Background**

**A. Facts**

{¶ 2} The state's evidence established the following facts: In late June 2017,

appellant sought work from an elderly woman (the "victim") and her ill husband who lived in the same neighborhood as appellant's mother. On previous occasions, appellant had mowed the lawn for the victim, so she again agreed to pay appellant to perform several tasks around her home, such as cutting grass, washing the exterior of the residence, and painting the deck. Appellant performed a few of these tasks over the course of two weeks without incident. On June 27th, 2017 appellant made multiple visits to the victim's house. At first, everything seemed normal in that appellant mowed the grass as expected and left. Subsequently, appellant's behavior became unusual. Appellant at one point asked to borrow the victim's power washer and left. At another point appellant returned to the victim's house and asked to use her telephone to make a call and then begged the victim for $200 to buy groceries and cigarettes for his mother.

{¶ 3} In the evening, appellant again returned to the victim's house. This time, he forced open the front door and entered the home. While alarmed, the victim initially thought that appellant was returning the borrowed power washer. This was not the case. Soon after his entry, appellant disconnected the telephone by violently yanking the telephone cord from the wall. Appellant then threatened to rape the victim and kill her husband should they attempt to call the police. After making these threats, appellant demanded money. When the victim refused, appellant began to repeatedly strike her in the head, neck, and chest. Appellant then grabbed the victim's purse. A struggle ensued as the victim tried to take her purse away from appellant. The victim initially succeeded, as the purse's shoulder strap broke in the struggle and appellant was left holding the detached strap. Her victory was short-lived, unfortunately. Appellant quickly discarded the strap and stripped the purse from the victim's grasp. Rifling through the purse, appellant took $2,000. Appellant subsequently fled out the front door, ran down the street, and drove away in a red pick-up truck.

{¶ 4} The victim followed appellant out the door and was able to signal a neighbor to

call the sheriff's office. Deputies arrived, processed the scene, and canvassed the neighborhood. Based on a tip, the deputies were able to track appellant to a nearby hotel. Deputies found appellant hiding under a bed in a hotel room and arrested him.

## B. Procedural History

{¶ 5} Based on the above events, in July 2017 a grand jury indicted appellant for four offenses: (1) aggravated burglary, a first-degree felony in violation of R.C. 2911.11(A)(1); (2) robbery, a second-degree felony in violation of R.C. 2911.02(A)(2); (3) disrupting public services, a fourth-degree felony, in violation of R.C. 2909.04(A)(1); and (4) aggravated menacing, a first-degree misdemeanor, in violation of R.C. 2903.21(A). The case proceeded to a two-day jury trial in March 2018. The jury found appellant guilty as charged and the court sentenced him in April 2018 to ten years in prison for aggravated burglary, seven years in prison for robbery, 17 months in prison for disrupting public services, and 180 days in jail for aggravated menacing. The court ordered the sentences to run concurrently.

{¶ 6} Appellant now appeals his convictions raising one assignment of error:

{¶ 7} APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO DUE PROCESS AND A FAIR TRIAL DUE TO INEFFECTIVE ASSISTANCE OF COUNSEL

## II. Analysis

{¶ 8} Appellant presents five issues for review. Appellant argues his trial counsel was ineffective because his counsel (1) failed to object to statements made by the judge in open court, (2) failed to object to hearsay evidence and "leading questions," (3) failed to request that lesser included offenses be included in the jury instructions, (4) implied or conceded guilt during the opening statement and closing argument, and (5) failed to poll the jury when he discovered a verdict form was missing one juror's signature. We find appellant's arguments lack merit.

{¶ 9} The United States and Ohio Constitutions provide those accused of crime with

the right to effective counsel throughout the criminal proceeding. *State v. Hester*, 45 Ohio St. 2d 71, 79 (1976). To prevail on an ineffective assistance of counsel claim, an appellant must show that (1) his counsel's performance was deficient because it fell below an objective standard of reasonableness and (2) the appellant suffered prejudice because of this deficiency. *State v. Clarke*, 12th Dist. Butler No. CA2015-11-189, 2016-Ohio-7187, ¶ 49, *citing Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S. Ct. 2052 (1984). An appellant establishes prejudice by showing there is a reasonable probability the result of the proceeding would have been different but for the deficiency. *State v. Manning*, 12th Dist. Butler No. CA2017-08-113, 2018-Ohio-3334, ¶ 19. A "reasonable probability" does not require the appellant show that it was more likely than not the deficiency altered the outcome; the appellant need only show there is a probability sufficient to undermine confidence in the result. *Strickland* at 693-694. A failure to satisfy either prong is fatal to the claim. *Manning* at ¶ 20.

{¶ 10} Pertinent to appellate review, defense counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *State v. Burns*, 12th Dist. Clinton No. CA2013-10-019, 2014-Ohio-4625, ¶ 7. As explained by the *Hester* court,

> [t]he term "effective counsel" is one of art and is not subject to a precise definition. A criminal trial is not analogous to an airplane landing, and a good result is not necessarily one that permits the accused to walk away. The acquittal of the accused is not the test.

45 Ohio St. 2d at 77.

## A. Statements made by the trial court

{¶ 11} Appellant argues that his trial counsel was ineffective because counsel did not object to several comments the trial court made while in the presence of the jury.

{¶ 12} It is the judge's duty to control all aspects of the criminal trial. R.C. 2945.03.

With respect to this authority, "the judge must be cognizant of the effect of his comments upon the jury." *State v. Wade*, 53 Ohio St. 2d 182, 187 (1978), vacated and remanded on other grounds, *Wade v. Ohio*, 438 U.S. 911, 98 S. Ct. 3138 (1978). We have previously held that "[a]n appellate court reviewing the propriety of a judge's remarks before a jury must determine whether the comments were prejudicial to a defendant's right to a fair trial." *State v. Crossty*, 12th Dist. Butler No. CA2008-03-070, 2009-Ohio-2800, ¶ 30, *citing Wade* at 188.

{¶ 13} First, appellant argues the trial court erred when it commented about the appearance of one of the prosecution's witnesses, a firefighter, who responded to the scene to render emergency medical services. As the witness approached the witness stand, the court stated: "that's the fanciest firefighter uniform I've seen[,] I think." The court then reiterated, "it does look good though," after the witness finished testifying and departed. Appellant argues that these statements were prejudicial because it served to bolster the prosecution's witness in the eyes of the jury.

{¶ 14} While the court's comments may have been unnecessary, we find no prejudice. The testimony of this witness did not aid in the prosecution's case. This witness, as the first responding emergency medical technician, testified that he did not see any visible injuries on the victim, the victim did not receive any medical care from him or his partner, and his team did not transport the victim to the hospital. Arguably, the "bolstering" of this witness's credibility helped the appellant, in that this witness testified that he did not see any injuries on the victim. Therefore, appellant's trial counsel was not ineffective for failing to object to the judge's commentary on this witness.

{¶ 15} Second, appellant argues the trial court inappropriately referred to the prosecutor as "just like Columbo," during direct examination of another witness. Appellant asserts that this language unfairly suggested to the jury that the prosecutor was the "good guy" akin to the detective character, "Columbo," the protagonist in the television show of the

same name. However, the context of this statement does not implicate prejudice against appellant. At trial, the prosecutor indicated to the court that she had concluded her direct examination of a witness only to suddenly remember several additional questions for the witness—hence the court's comment. The prosecutor then attempted to use this new line of questioning to admit a medical report generated by the witness's office, but upon objection by defense counsel, the court denied the admission of the report as unnecessarily duplicative. Therefore, whatever good will the prosecutor may have earned by the judge's comment—assuming members of the jury understood the reference—was cut short by the decision to deny that evidence.

{¶ 16} Moreover, the court specifically instructed the jury to disregard anything the court said or did that would indicate the court's views. An appellate court presumes that the jury followed the instructions of the court. *State v. Dougherty*, 12th Dist. Preble No. CA2013-12-014, 2014-Ohio-4760, ¶ 57.

{¶ 17} Since appellant cannot show that either comment prejudiced him, his ineffective assistance claim on this issue fails.

**B. Leading questions and hearsay**

{¶ 18} Appellant argues that in several instances the prosecutor used leading questions and elicited hearsay evidence from several of its witnesses during direct examination in contravention to the Ohio Rules of Evidence. Appellant argues that defense counsel's failure to object constituted ineffective assistance.

{¶ 19} A leading question is one that suggests to the witness the answer desired by the questioner, *State v. Diar*, 120 Ohio St. 3d 460, 2008-Ohio-6266, ¶ 149, or puts into the witness's mouth "words to be echoed back." *State v. D'Ambrosio*, 67 Ohio St. 3d 185, 190 (1993). While Evid.R. 611(C) limits the use of leading questions during direct examination, there is no absolute prohibition to these types of questions. It is within the discretion of the

trial court to allow leading questions on direct examination, for instance, if the question is used to review previously elicited answers. *State v. Thomas*, 12th Dist. Warren No. CA2010-10-099, 2012-Ohio-2430, ¶ 50. Moreover, the decision to object or not object is within the strategic consideration of trial counsel. *See State v. Setty*, 12th Dist. Clermont Nos. CA2013-06-049 and CA2013-06-050, 2014-Ohio-2340, ¶ 74; *See also State v. Davis*, 12th Dist. Clinton No. CA2015-12-022, 2017-Ohio-495, ¶ 67. This is because "[c]ompetent counsel may reasonably hesitate to object in the jury's presence because 'objections tend to disrupt the flow of a trial and are considered technical and bothersome by a jury.'" *State v. Perkins*, 12th Dist. Clinton No. CA2005-01-002, 2005-Ohio-6557, ¶ 26, *quoting State v. Hill*, 75 Ohio St. 3d 195, 211 (1996); *See also State v. Skatzes*, 104 Ohio St. 3d 195, 2004-Ohio-6391, ¶ 216.

{¶ 20} Here, appellant argues that his defense counsel failed to object to the prosecutor's use of multiple leading questions. After our review of the record, we find that several questions were not "leading," because the questions did not suggest the desired answer. While some of the other questions may have suggested an answer, the testimony obtained was merely duplicative information, *Diar* at ¶ 170, or used to succinctly summarize the witness's prior testimony and was not prejudicial. *See Thomas* at ¶ 50. Since it is unlikely the trial court would have sustained an objection to any of the questions, trial counsel's failure to object was not ineffective assistance. Moreover, appellant has failed to demonstrate how any of the proposed questions prejudiced him. Therefore, appellant's claim that his trial counsel was ineffective lacks merit.

{¶ 21} Next, appellant argues that his counsel failed to object in several instances to testimony that constituted inadmissible hearsay.

{¶ 22} "Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Evid.R.

801(C). Hearsay is inadmissible unless it falls within one of the enumerated exceptions in the rules or otherwise excepted. Evid.R. 802.

{¶ 23} First, appellant contends that his trial counsel should have objected when the victim testified that a neighbor told her the neighbor saw appellant leaving her house immediately after the attack. This portion of the victim's testimony constitutes inadmissible hearsay. The victim testified to an out-of-court statement and the prosecutor used it to prove the truth of the matter asserted. Moreover, the hearsay does not fall under any of the exceptions of Evid.R. 803 or 804. Nevertheless, the admission of the hearsay was harmless error. An admission is harmless when the declarant is examined at trial on the same matters as the hearsay and the erroneous evidence is cumulative in nature. *State v. Robinson*, 12th Dist. Butler No. CA2015-01-013, 2015-Ohio-4533, ¶ 30. Here, the neighbor-declarant testified at trial on this matter and was subject to cross-examination. As the hearsay statement was merely cumulative to the neighbor-declarant's direct testimony, we find that appellant cannot show prejudice. Therefore, his ineffective assistance claim in this instance fails.

{¶ 24} Second, appellant argues that his counsel should have objected when appellant's mother testified she gave the victim a purse because the victim "said her purse got totally ripped." We find that this statement was non-hearsay as it was used to explain a witness's actions and not offered for the truth of the matter asserted. *See State v. Gilbert*, 12th Dist. Butler No. CA2010-09-240, 2011-Ohio-4340, ¶ 45. Furthermore, even if the statement had constituted inadmissible hearsay, we find the statement regarding the broken purse was cumulative to the testimony provided by several of the prosecutor's other witnesses that directly observed the purse. Again, when inadmissible hearsay is merely cumulative, it constitutes harmless error. *Robinson* at ¶ 30. Therefore, appellant cannot show that he suffered prejudice by his counsel's failure to object to this testimony.

{¶ 25} Third, appellant argues that his trial counsel should have objected to hearsay testimony from a sheriff's deputy regarding what the victim told the deputy when he arrived at her house. Appellant claims that it was inadmissible hearsay for the deputy to testify that the victim "said she had been robbed." However, we find that this statement is admissible under a hearsay exception. Pursuant to Evid.R. 803(2), a statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition constitutes an excited utterance and is admissible as an exception to the general prohibition on hearsay. A statement qualifies as an excited utterance if "'(1) there was an event startling enough to produce a nervous excitement in the declarant, (2) the statement was made while under the stress of excitement caused by the event, (3) the statement related to the startling event, and (4) the declarant had an opportunity to personally observe the startling event.'" *State v. Swing*, 12th Dist. Clermont No. CA2016-10-068, 2017-Ohio-8039, ¶ 58, *quoting State v. Worth*, 10th Dist. Franklin No. 10AP1125, 2012-Ohio-666, ¶ 22.

{¶ 26} Here, the deputy testified that he was the first responding law enforcement officer to the scene and that the victim appeared very upset and distressed. The victim's statement to the officer was about the startling event she personally observed and experienced. Since the victim made this statement while in an excited state, it was admissible under the excited utterance exception. Trial counsel will not be considered deficient for failing to raise a meritless issue. *State v. Minton*, 12th Dist. Warren No. CA2017-08-132, 2018-Ohio-2142, ¶ 38. Consequently, trial counsel was not ineffective for failing to object in this instance.

{¶ 27} Fourth, appellant contends that his trial counsel was ineffective for failing to object to hearsay testimony provided by a second deputy sheriff. Specifically, appellant argues his counsel should have objected to the admission of statements the victim made to the deputy about how her purse was damaged and her identification of appellant. We find

the deputy's testimony was merely cumulative of earlier admissible testimony. As such, admission of hearsay by the second deputy constituted harmless error. *Robinson* at ¶ 30. Consequently, appellant cannot show that his counsel was ineffective for failing to object to the statements because they were not prejudicial.

{¶ 28} Finally, appellant asserts that his counsel was ineffective for failing to object to the second deputy's testimony about how law enforcement found appellant using a tip provided by an unnamed individual. Specifically, appellant contends that his counsel should have objected when the deputy testified:

> Yes, we learned from an earlier subject, another party in the trailer park who advised us that the possible red Ford truck was looking for would be—Mr. Villani got into—entered—reportedly entered, could possibly be at the Cove Motel, located in the city of Hamilton. [sic]

{¶ 29} "Law-enforcement officers may testify to out-of-court statements for the nonhearsay purpose of explaining the next investigatory step." *State v. Beasley*, 153 Ohio St. 3d 497, 2018-Ohio-493, ¶ 172. However, the testimony must satisfy three criteria to be properly admitted as non-hearsay: "(1) the conduct to be explained is relevant, equivocal, and contemporaneous with the statements, (2) the probative value of the statements is not substantially outweighed by the danger of unfair prejudice, and (3) the statements do not connect the accused with the crime charged." *Id.*, *citing State v. Ricks*, 136 Ohio St. 3d 356, 2013-Ohio-3712, ¶ 27. Using this analysis, we find that the statement was admissible non-hearsay explaining how the deputies found and arrested appellant. The statement met all the criteria because it was used to explain the deputy's actions, the probative value was not substantially outweighed by unfair prejudice, and the statement did not connect the accused with the crime charged. Accordingly, appellant cannot show that he was prejudiced by his trial counsel's failure to object this statement.

**C. Instructions for lesser included offenses**

{¶ 30} Appellant next asserts that his trial counsel provided ineffective assistance by failing to request jury instructions on criminal trespass and theft as lesser included offenses of aggravated burglary and robbery, respectively. We have previously determined criminal trespass is a lesser included offense of aggravated burglary. *State v. Garrett*, 12th Dist. Butler No. CA2002-05-111, 2003-Ohio-5000, ¶ 13; *State v. Whitaker*, 12th Dist. Butler No. CA94-11-205, 1995 Ohio App. LEXIS 3170, *7 (July 31, 1995). Moreover, theft is a lesser included offense of robbery. *State v. Smith*, 117 Ohio St. 3d 447, 2008-Ohio-1260, ¶ 29.

{¶ 31} Pursuant to R.C. 2945.74 and Crim.R. 31(C), a jury may find a criminal defendant not guilty as to the offense charged but guilty of a lesser included offense. Instruction on a lesser included offense is necessary when the facts warrant it. *State v. Wine*, 140 Ohio St. 3d 409, 2014-Ohio-3948, ¶ 20. However, "[t]he mere fact that an offense can be a lesser included offense of another offense does not mean that a court must instruct on both offenses where the greater offense is charged." *State v. Wilkins*, 64 Ohio St. 2d 382, 387 (1980). An instruction on the lesser included offenses is warranted only if the trial court can find "'sufficient evidence' to 'allow a jury to *reasonably* reject the greater offense and find the defendant guilty on a lesser included (or inferior degree) offense.'" [Emphasis sic.] *State v. Trimble*, 122 Ohio St. 3d 297, 2009-Ohio-2961, ¶ 192, *quoting State v. Shane*, 63 Ohio St. 3d 630, 632-633 (1992). The analysis requires the court to review the evidence produced by the *prosecutor* to determine if there is any ambiguity in the unshared element of the greater offense. *State v. Solomon*, 66 Ohio St. 2d 214, 221 (1981). In its evaluation, a trial court views the evidence in the light most favorable to the defendant. *State v. Rodriguez*, 12th Dist. Butler No. CA2016-01-010, 2016-Ohio-7436, ¶ 9, *citing State v. Monroe*, 105 Ohio St. 3d 384, 2005-Ohio-2282, ¶ 37.

{¶ 32} To convict for aggravated burglary, the prosecutor had the burden of proving appellant trespassed in an occupied structure, by force, stealth, or deception when the victim,

who was not an accomplice of the offender, was present; had the purpose to commit any criminal offense in the structure; and inflicted or attempted or threatened to inflict physical harm on the victim. R.C. 2911.11(A)(1). To prove robbery, the prosecutor had the burden of proving appellant inflicted, attempted to inflict, or threatened to inflict physical harm on the victim while attempting or committing a theft offense or in fleeing immediately after the attempt or commission of the theft offense. R.C. 2911.02(A)(2).

{¶ 33} Here, the record shows that the prosecutor's evidence was unambiguous for both offenses. With respect to the aggravated burglary offense, the victim testified that appellant opened the door to her home and entered without her consent—a trespass by force—and then proceeded to commit the other charged offenses, specifically robbery, which itself included the infliction of physical harm. Therefore, the prosecutor provided unambiguous evidence for each element of the greater offense.

{¶ 34} Regarding the robbery offense, the victim testified that appellant inflicted physical harm on the victim by repeatedly striking her as part of his effort to steal money from her. The prosecutor provided corroborating evidence of the physical harm through witness testimony and photographs. Again, the prosecutor provided unambiguous evidence for each element of the greater offense. Therefore, we find that instruction on the lesser included offenses was not warranted. *See Solomon* at 221.

{¶ 35} Moreover, appellant's trial counsel chose an "all or nothing" defense strategy for both the aggravated burglary and robbery charges by not requesting the trial court provide instructions for the lesser included offenses. Ohio courts presume that trial counsel's failure to request instructions for lesser included offenses is a part of trial strategy. *State v. Brown*, 12th Dist. Clermont No. CA2018-05-027, 2018-Ohio-4939, ¶ 16. It is not the role of this court to second-guess trial counsel strategy. *State v. Walker*, 12th Dist. Fayette No. CA2009-02-002, 2010-Ohio-329, ¶ 23. "[S]trategic or tactical decisions, even debatable ones, will not

form a basis for an ineffective assistance of counsel claim." *State v. Bai*, 12th Dist. Butler No. CA2010-05-116, 2011-Ohio-2206, ¶ 145. Therefore, we cannot find that counsel's strategy was deficient by not requesting instructions for lesser included offenses. Appellant's claim that he received ineffective assistance of counsel on this issue is without merit.

**D. Defense counsel's implications/concessions of guilt**

{¶ 36} Appellant argues his trial counsel provided ineffective assistance because during the opening statement and closing argument defense counsel implied, if not outright admitted that appellant was guilty of *some* crime. Specifically, during the opening statement appellant's trial counsel stated "[appellant] did something, I'm not going to deny that, we don't believe he did what he's accused of." Then, during closing argument appellant's trial counsel reiterated "I told you he did something."

{¶ 37} According to the Ohio Supreme Court, "[c]oncessions of guilt, in any form, are among the most troublesome actions a defense counsel can make during representation of a defendant." *State v. Goodwin*, 84 Ohio St. 3d 331, 336 (1999). Nonetheless, concessions do not constitute ineffectiveness per se. *State v. Scott*, 101 Ohio St. 3d 31, 2004-Ohio-10, ¶ 57, *citing State v. Campbell*, 90 Ohio St. 3d 320, 337 (2000). Trial counsel's performance will still be evaluated for both deficiency and prejudice pursuant to the *Strickland v. Washington* test. *Id*; *accord Goodwin* at 337. Moreover, concessions of guilt must be analyzed on a case-by-case basis, considering "[a]ll of the facts, circumstances, and evidence." *Goodwin* at 338.

{¶ 38} Many decisions made at trial are solely within trial counsel's discretion, because they necessarily require consideration of the tactical and strategic nature of the given proceeding. *Florida v. Nixon*, 543 U.S. 175, 187, 125 S. Ct. 551 (2004). The tactic of conceding guilt on some issues may be beneficial to uphold the defense's credibility to the jury. *See State v. Elmore*, 111 Ohio St. 3d 515, 2006-Ohio-6207, ¶ 60; *See also Scott* at ¶

61. Here, appellant decided to testify on his own behalf. While appellant denied entering the house without consent or striking the victim, during his testimony he admitted to several other offenses, such as disconnecting the telephone cord, stealing money from the victim's purse, and selling the victim's power washer machine without consent. Appellant's admission of the power washer theft was purely gratuitous, in that he was not charged for this offense. Consequently, we cannot find that trial counsel's comments during opening statements and closing arguments constituted ineffective assistance. Given appellant's testimony, counsel's conduct was not deficient. Therefore, appellant's claim that he received ineffective assistance of counsel on this issue is not well taken.

**E. Jury polling**

{¶ 39} In his last issue, appellant argues that he received ineffective assistance of counsel because his trial attorney failed to request a jury poll when it was discovered that one of the verdict forms had not been signed by all 12 of the jurors.

{¶ 40} Pursuant to both R.C. 2945.171 and Crim.R. 31(A), a jury verdict must be in writing and signed by all the jurors. R.C. 2945.77 and Crim.R. 31(D) allow the court to poll the jurors at the request of any party to ensure that the verdict is truly unanimous. Crim.R. 31(D) goes further by allowing a poll on the court's own motion. However, neither the statute nor the rules of criminal procedure specify how the poll is to be conducted. The Fourth District Court of Appeals has held that individually polling the jurors is not required. *See State v. Heyward*, 4th Dist. Pickaway No. 96CA42, 1998 Ohio App. LEXIS 2270, *32 (May 18, 1998).

{¶ 41} Here, the trial court reviewed the verdict forms when the jury returned them. The court noticed that one of the four verdict forms only bore eleven signatures. Upon discovering this, the court inquired of the jurors whether they reached a unanimous verdict.

[Court]: * * * I am noticing on Count II, there is a verdict form but

- 14 -

it is only signed by 11. I'll give that back to the bailiff. Take a look at that and see if you can figure out—I assume there was agreement by all 12.

[Foreperson]: Yes.

The trial court then returned the forms to the jury to determine which juror did not sign the verdict. After reviewing the form, the missing juror signed the form and returned it to the court.

{¶ 42} At no point during the exchange did the omission appear as anything other than a simple mistake. The juror that did not sign quickly corrected the error. Furthermore, the trial court asked the jury if the decision was unanimous and the foreperson affirmed that it was. There is nothing in the record that suggests the jurors did not concur with one another. Therefore, it was not ineffective assistance for appellant's trial counsel to not request a jury poll. Appellant's claim of ineffective assistance on this issue lacks merit.

**III. Conclusion**

{¶ 43} In conclusion, we find appellant has not proven he received ineffective assistance of counsel on any issue. Thus, appellant's sole assignment of error is overruled.

{¶ 44} Judgment affirmed.

RINGLAND and PIPER, JJ., concur.