OPINION
{¶ 1} Defendant-appellant, Jeanie Gail Martin, appeals her convictions and sentence for aggravated possession of drugs and five misdemeanors in the Butler County Court of Common Pleas. We affirm.
 {¶ 2} Shortly after midnight on September 30, 2006, appellant's Camaro was traveling eastbound on Grand Ave. in Middletown. As the car turned onto Kensington Street, Middletown Police Officer John Hovell initiated a traffic stop after observing the illegally tinted *Page 2 
windows on the vehicle. The Camaro accelerated to a speed of 45 m.p.h. in a 25 m.p.h. zone and pulled into an apartment complex on Kensington Court. The officer parked his vehicle to block the Camaro's path around the court. As the officer approached, he saw nobody around the vicinity of the vehicle. He opened the driver's door and observed appellant sitting in the passenger seat with her shoulder positioned against the passenger window, not wearing a seatbelt, and her legs on the driver's side of the center console as if she was attempting to move from the driver's seat to the passenger's seat.
 {¶ 3} The officer observed three pills on the rear passenger seat that were later identified as Vicodin. He asked for appellant's license and insurance information. According to the officer, she replied, "Oh, my God, you think I was driving?" The officer replied, "Yes, I do. And I saw the pills." The officer required appellant to exit the vehicle and asked her about the pills. Appellant stated that they were Vicodin and that she had a prescription for them, but did not carry the bottle with her. Appellant then stated that her friend "Mike" was driving the car and she did not know why he ran. Upon inspection of appellant's purse, the officer discovered some Marijuana and a fourth Vicodin pill. The officer was then informed that appellant was under multiple driver's license suspensions, so he took appellant into custody for the suspensions and drug possession. Upon inspection of appellant's person, small plastic baggies were found in her pocket. Appellant stated that she had picked them up from her garage floor because she thought they belonged to "Larry." Appellant was asked, "Who's Larry?" and she replied, "The guy that was driving the car."
 {¶ 4} Appellant's car was impounded and inventoried. Examination of the console around the gearshift revealed a compartment containing a baggie of 15.7 grams of Marijuana. A black zippered bag was also found containing a "crystal meth" pipe with white residue and six blue-colored baggies containing a total of 22.45 grams of "crystal meth." A digital scale with some residue on it was found on the floor in front of the passenger seat. Further *Page 3 
inventory of appellant's purse at the jail revealed a Xanax pill and another baggie of "crystal meth."
 {¶ 5} On November 23, 2005, appellant was indicted for aggravated possession of drugs in violation of R.C. 2925.11, a second-degree felony, and five misdemeanor charges.[1] On January 19, 2006, the Warren County Drug Task Force executed a search warrant for appellant's residence. The Task Force recovered only .24 grams of methamphetamine from the search. In an interview following the search, appellant made statements to Officer Bill Couch of the Warren County Drug Task Force regarding drug transactions admitting that she traveled between Dayton and Kentucky trafficking methamphetamine. Appellant's case proceeded to jury trial on August 21 and 22, 2006. Appellant failed to appear on the second day of trial and the trial proceeded in her absence. Appellant was found guilty as charged on all counts and sentenced to a total of six years in prison for aggravated possession of drugs with concurrent jail terms for the misdemeanor offenses. Thereafter, appellant filed a motion for new trial, which was denied by the trial court. Appellant timely appeals, raising two assignments of error.
 {¶ 6} Assignment of Error No. 1:
 {¶ 7} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT BY PERMITTING IN `UNFAIRLY PREJUDICIAL' EVIDENCE, CONTRARY TO EVIDENCE RULE 404(B)."
 {¶ 8} In her first assignment of error, appellant argues that the trial court erred by failing to exclude the testimony of Officer Bill Couch of the Warren County Drug Task Force. At trial, Officer Couch testified regarding the search conducted at appellant's residence and *Page 4 
the statements appellant made following the search. Appellant argues that Officer Couch's testimony was impermissibly admitted by the trial court because "Officer Couch's testimony was neither relevant or [sic] necessary as to any plan or scheme." Further, appellant argues the admission of the testimony from the search warrant was unfairly prejudicial. As a result, appellant requests that this court reverse the trial court's denial of appellant's motion for new trial.
 {¶ 9} A trial court has broad discretion in the admission and the exclusion of evidence and unless it clearly abused its discretion and appellant is materially prejudiced thereby, an appellate court should not disturb the decision of the trial court. State v. Finnerty (1989), 45 Ohio St.3d 104,109; State v. Craft, Butler App. No. CA2006-06-145,2006-Ohio-4116, ¶ 48. Therefore, an appellate court confines its inquiry to a determination of whether the trial court acted unreasonably, arbitrarily, or unconscionably in the admission or exclusion of evidence. State v. Barnes, 94 Ohio St.3d 21, 23, 2002-Ohio-68.
 {¶ 10} Evid.R. 404(B) provides, "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."
 {¶ 11} R.C. 2945.59 states, "In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant."
 {¶ 12} Neither R.C. 2945.59 nor Evid.R. 404(B) "requires that the other act be `like' or *Page 5 
`similar' to the crime charged, as long as the prior act tends to show one of the enumerated factors." State v. Crotts, 104 Ohio St.3d 432,2004-Ohio-6550, ¶ 19, citing State v. Shedrick (1991),61 Ohio St.3d 331, 337.
 {¶ 13} Appellant's statements to Officer Couch concerning her involvement with methamphetamine and other drug transactions are evidence of her knowledge relating to the possession of drugs including methamphetamine. Further, these statements also show evidence of her plan and scheme for drug possession.
 {¶ 14} Appellant argues though that the trial court erred by failing to apply an "unfair prejudice" balancing test to this evidence under Evid.R. 403(A). Appellant argues the "character attack was not proper" because appellant never testified at trial and "the testimony of Officer Couch painted [appellant] as some big time [sic] drug dealer, when, in fact only .24 grams of methamphetamine was found from the search of an entire house."
 {¶ 15} Evid.R. 403(A) states, "Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." The admission or exclusion of relevant evidence, based on probative value being substantially outweighed by danger of unfair prejudice, is within the sound discretion of the trial court. State v.Skatzes, 104 Ohio St.3d 195, 2004-Ohio-6391, ¶ 107.
 {¶ 16} "Evid.R. 403 speaks in terms of unfair prejudice. Logically, all evidence presented by a prosecutor is prejudicial, but not all evidence unfairly prejudices a defendant. It is only the latter that Evid.R. 403 prohibits." Id. citing State v. Wright (1990),48 Ohio St.3d 5, 8.
 {¶ 17} A review of the transcript clearly shows that the trial court examined the evidence in light of the Evid.R. 403(A) "unfair prejudice" standard. Prior to the commencement of trial, the trial judge addressed appellant's motion in limine regarding *Page 6 
Officer Couch's testimony. The court first noted that the state sought to use the testimony to prove knowledge or absence of mistake because "that is going to be an issue in this case that the defendant is likely to contend that `I had no idea these drugs were in this vehicle. They are not my drugs.'" Additionally, the court stated, "[i]t does not appear that is an issue of surprise or unfair prejudice in that regard since both you and your client were aware of the Warren County charges." (Emphasis added.)
 {¶ 18} Although appellant's statements admitting her dealings in methamphetamine were unfavorable, the evidence was not unfairly prejudicial to appellant. The evidence was probative of facts at issue in the case; specifically appellant's knowledge and plan. Accordingly, we find no abuse by the trial court in allowing Officer Couch's testimony.
 {¶ 19} Appellant's first assignment of error is overruled.
 {¶ 20} Assignment of Error No. 2:
 {¶ 21} "THE TRIAL COURT ERRED AS A MATTER OF LAW, BY SENTENCING DEFENDANT TO SIX YEARS IN PRISON."
 {¶ 22} Appellant argues in her second assignment of error that the trial court erred by sentencing her to a more-than-the-minimum sentence. Appellant acknowledges that since the Ohio Supreme Court's decision inState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, trial courts are granted discretion in imposing felony sentences within the statutory range; however, appellant argues that "a person with no prior criminal history should be given six years of mandatory prison." [sic]
 {¶ 23} This court has previously considered similar arguments in recent decisions and found them to be without merit. See State v.Cockrell, Fayette App. No. CA2006-05-020, 2007-Ohio-1372; State v.Kincer, Clermont App. No. CA2006-08-055, 2007-Ohio-3352; State v.Pesta, Clinton App. No. CA2006-02-004, 2007-Ohio-2295; and State v.Sheets, Clermont App. No. CA2006-04-032, 2007-Ohio-1799. *Page 7 
 {¶ 24} Aggravated possession of drugs requires the imposition of a mandatory prison sentence between two to eight years. Appellant's six-year sentence is within the permitted range. Accordingly, appellant's second assignment of error is overruled. {¶ 25} Judgment affirmed.
WALSH and POWELL, JJ., concur.
[1] The misdemeanors included: Illegal use or possession of drug paraphernalia in violation of R.C. 2925.14(C)(1), two counts of possession of drugs in violation of R.C. 2925.11, possession of Marijuana in violation of R.C. 2925.11, and driving under suspension in violation of R.C. 4510.11(A). *Page 1