[Cite as *State v. Mills*, 2016-Ohio-6985.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

STATE OF OHIO,                               :

     Plaintiff-Appellee,                     :

                          :

   - vs -                                          :

                          :

GERALD L. MILLS,                             :

     Defendant-Appellant.                    :

CASE NO.   CA2015-12-101

O P I N I O N
9/26/2016

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2015 CR 0118

D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for plaintiff-appellee

W. Stephen Haynes, Clermont County Public Defender, Robert F. Benintendi, 302 East Main Street, Batavia, Ohio 45103, for defendant-appellant

**M. POWELL, P.J.**

{¶ 1}  Defendant-appellant, Gerald L. Mills appeals his conviction in the Clermont County Court of Common Pleas for felonious assault.

{¶ 2}  On March 3, 2015, the Clermont County Grand Jury returned a one-count indictment charging Mills with felonious assault in violation of R.C. 2903.11(A)(1), a second-degree felony.  The charge stemmed from an altercation that occurred at a Marathon gas

station in Williamsburg, Ohio. The matter ultimately proceeded to a four-day jury trial that concluded on October 29, 2015. Several witnesses testified on behalf of the state and Mills testified on his own behalf. The evidence presented at trial revealed the following facts.

{¶ 3} On the evening of February 12, 2015, Mills entered the gas station to purchase a drink and a candy bar. He filled his drink and set it atop the counter near the register, and then, proceeded to another aisle to select a candy bar. During this time, Herbert Dearing entered the gas station to make a purchase at the counter. When Mills returned to the counter to pay for the items that he had selected, a verbal exchange ensued between Mills and Dearing regarding who was first in line. Gas station employees, Kelsey Daugherty and Cassie Everheart, were present during the exchange and both testified that Mills appeared to be the aggressor. Daugherty testified that upon completion of Mills' transaction, she escorted Mills out of the store based on her observations of the altercation.

{¶ 4} Once Dearing completed his purchase, he exited the store. Upon Dearing's exit, another verbal exchange began between him and Mills. Daugherty, Everheart, and Dearing testified that as Dearing approached Mills during this exchange, Mills punched Dearing in the face. Dearing sustained a blowout orbital fracture to his left eye and required immediate medical attention. Mills admitted to striking Dearing; however, contrary to the testimony of Daugherty, Everheart, and Dearing, Mills testified that Dearing had first attempted to punch him, and thus, Mills argued he was acting in self-defense.

{¶ 5} On cross-examination, the state asked Mills about an incident occurring at a casino earlier on the day of the altercation between Mills and Dearing, in which Mills punched another man in the face. Over defense counsel's objection, and after providing the jury with a limiting instruction, the trial court allowed the state to question Mills on the matter and to play a portion of a recorded telephone jail conversation between Mills and a female third-party regarding the incident at the casino. In the recording, Mills is heard to state in

- 2 -

reference to the casino incident that, "I'm like, 'man, don't – walk up on me.' He walked up on me. He ate one. Yeah, he ate one. Yeah, just like I do everybody. Gave him about a 200-mile-an-hour smack in the mouth."

{¶ 6} After both parties rested, the trial court supplied the jury with jury instructions, which included another limiting instruction addressing the testimony and telephone recording regarding the casino incident. Following deliberations, the jury returned a verdict of guilty on the felonious assault charge. The trial court then sentenced Mills to a four-year prison term and ordered him to pay restitution to Dearing. Mills now appeals from his conviction, raising a single assignment of error claiming reversible error in the admission of the "other acts" evidence relating to the casino incident.

{¶ 7} THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT BY PERMITTING THE ADMISSION OF "OTHER ACTS" EVIDENCE.

{¶ 8} We find no merit to Mills' argument.

{¶ 9} "A trial court has broad discretion in the admission and the exclusion of evidence and unless it clearly abused its discretion and appellant is materially prejudiced thereby, an appellate court should not disturb the decision of the trial court." *State v. Martin*, 12th Dist. Butler No. CA2007-01-022, 2007-Ohio-7073, ¶ 9, citing *State v. Finnerty*, 45 Ohio St.3d 104, 109 (1989). An abuse of discretion is more than an error of law or judgment. Rather, it suggests the "trial court's decision was unreasonable, arbitrary or unconscionable." *State v. Perkins*, 12th Dist. Clinton No. CA2005-01-002, 2005-Ohio-6557, ¶ 8. "A review under the abuse-of-discretion standard is a deferential review." *State v. Morris*, 132 Ohio St.3d 337, 2012-Ohio-2407, ¶ 14.

{¶ 10} "'Evidence that an accused committed a crime other than the one for which he is on trial is not admissible when its sole purpose is to show the accused's propensity or inclination to commit crime or that he acted in conformity with bad character.'" *State v. Ward*,

12th Dist. Clermont No. CA2013-07-059, 2014-Ohio-990, ¶ 19, quoting *State v. Williams*, 134 Ohio St.3d 521, 2012-Ohio-5695, ¶ 15. However, the Ohio Supreme Court has promulgated certain exceptions to the common law regarding the admission of other acts evidence. Those exceptions are contained in Evid.R. 404(B), which states:

> [e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Furthermore, in order for evidence to be admissible pursuant to Evid.R. 404(B), there must be substantial proof the alleged other acts were committed by the defendant and the evidence must tend to prove one of the enumerated exceptions. *State v. Lowe*, 69 Ohio St.3d 527, 530 (1994); *see also State v. Jones*, 12th Dist. Butler No. CA2012-03-049, 2013-Ohio-150, ¶ 37. "Substantial proof" is not proof "beyond a reasonable doubt." *State v. Bromagen*, 12th Dist. Clermont No. CA2005-09-087, 2006-Ohio-4429, ¶ 14. Additionally, R.C. 2945.59 provides that

> [i]n any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant.

{¶ 11} The Ohio Supreme Court in *Williams* outlined a three-part test for courts to apply when considering the admissibility of other acts evidence. *Williams* at ¶ 19-20. First, the court should "consider whether the other acts evidence is relevant to making any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." *Id.* at ¶ 20, citing Evid.R. 401. Second, the court should determine if

"evidence of the other crimes, wrongs, or acts is presented to prove the character of the accused in order to show activity in conformity therewith or whether the other acts evidence is presented for a legitimate purpose, such as those stated in Evid.R. 404(B)." *Id.* Third, the court should "consider whether the probative value of the other acts evidence is substantially outweighed by the danger of unfair prejudice." *Id.*, citing Evid.R. 403.

{¶ 12} Mills argues that the two incidents were unrelated because they took place approximately an hour apart, and together do not demonstrate any plan, scheme, or system. In support of these arguments, Mills asserts the disputed testimony was inadmissible, as it did not fall into any of enumerated exceptions for the admissibility of other acts evidence pursuant to R.C. 2945.59 and Evid.R. 404(B) and thereby violated the second prong of the *Williams* analysis. Mills further argues that allowing the jury to consider the earlier incident unfairly prejudiced him regarding the later incident, a violation of the third prong of the *Williams* analysis.

{¶ 13} After a thorough review of the record, it is undisputed that there is substantial proof that the alleged other acts were committed by Mills, as he testified that he made the phone call and to the events discussed within the phone call. Additionally, the other acts evidence must fall within one of the enumerated exceptions found within R.C. 2945.59 or Evid.R. 404(B). Here, the trial court found the recorded phone call could be used to prove Mills' intent, plan, or absence of mistake. We find no error in the trial court's decision.

{¶ 14} Mills argues the recording does not fall within an exception and bases his argument on the Ohio Supreme Court's decision in *State v. Curry*, which "interpreted R.C. 2945.59 and stated that 'scheme, plan, or system' evidence is relevant in two general factual situations: those in which the other acts form part of the immediate background of the alleged act that forms the foundation of the crime charged in the indictment and those involving the identity of the perpetrator." *Williams* at ¶ 18, citing *State v. Curry*, 43 Ohio St.2d 66, 72

(1975). However, after *Curry*, the Ohio Supreme Court explained that admissibility is not limited to those two situations and *Curry* predates Evid.R 404(B), thus the decision did not consider or apply the rule. *Williams* at ¶ 2, 18 (holding other acts may be admissible even if the immediate background of a crime or identity of an accused is not at issue).

{¶ 15} In *Williams*, the defendant was convicted of several charges after a jury found him guilty of sexually abusing J.H., a minor he mentored at his church. *Id.* at ¶ 3. During trial, the court admitted evidence of a similar relationship with A.B., a minor Williams coached as part of a swim team. *Id.* at ¶ 5. The Ohio Supreme Court outlined the aforementioned three-part test, and then, determined the prior relationship "was relevant because it tended to show his motive and the preparation and plan he executed to target, mentor, groom, and abuse teenage boys, all of which could corroborate J.H.'s testimony." *Ward*, 2014-Ohio-1990 at ¶ 34, discussing *Williams* at ¶ 22. Next, the court found the state did not offer the evidence to show conformity with William's character, specifically noting, "the trial court gave two limiting instructions that this evidence was *not* being offered to prove Williams's character – one just prior to the testimony of A.B., and one prior to deliberation." (Emphasis sic.) *Williams* at ¶ 23. Lastly, the court found the testimony was not unduly prejudicial "because the trial court instructed the jury that this evidence could not be considered to show that Williams had acted in conformity with a character trait[;] * * * [thereby,] lessen[ing] the prejudicial effect of A.B.'s testimony, and A.B. corroborated J.H.'s testimony about the sexual abuse, which had been denied by Williams." *Id.* at ¶ 24.

{¶ 16} The evidence in this case is probative of Mills' professed intent to defend himself, as it reveals his plan and scheme to preemptively strike someone who "walks up on him" in circumstances such as those present in the instant case. The trial court properly found that cross-examination of Mills and the recorded telephone conversation concerning the earlier incident were relevant as tending to negate Mills' claim of self-defense, as well as

to prove the absence of mistake or accident. *See, e.g., State v. Machuca*, 3d Dist. Allen No. 1-15-01, 2016-Ohio-254, ¶ 45 (finding other acts evidence relevant to proving intent where the act occurred less than a year from the current incident and involved the same subject matter). Here, the earlier casino incident occurred approximately one hour before the incident at the Marathon gas station and the factual circumstances are remarkably similar. Both incidents involved an initial verbal altercation, and when the victims "walked up on" Mills, he preemptively gave them a "200-mile-an-hour smack in the mouth." Moreover, the earlier incident tends to corroborate the testimony of Dearing, Daugherty, and Everheart.

{¶ 17} Additionally, as in *Williams*, the trial court provided a limiting instruction before the admission of the evidence of the earlier incident and then, once again, provided the jury with a limiting instruction as part of its final jury instructions. Specifically, the trial court instructed the jury before the questioning and the playing of the recorded conversation began, as follows:

> The court believes that – and ladies and gentlemen, you'll hear some testimony of a call – a phone call he made from the jail. And the evidence rule allows the Court to allow this – or it gives the Court the discretion to allow the introduction of this evidence not for the purpose of showing that the Defendant acted in conformity with this type of behavior, but to show a plan. And the Court has heard this, and my ruling is that this is admissible under 404(B) for the limited purpose * * * perhaps to show the plan of the Defendant [or] absence of a mistake. It is evidence of another wrong, and the Court has ruled on its admissibility.

The trial court provided the jury a similar instruction in its final instructions, which limited admissibility for the purpose of showing intent, plan, or absence of mistake. There is a presumption "that the jury has followed the instructions given to it by the trial court." *State v. Jones*, 135 Ohio St.3d 10, 2012-Ohio-5677, ¶ 194. The record in this case does not reflect any indication that the jury did not follow the trial court's instructions.

{¶ 18} Finally, we find that the trial court did not err in determining that the prejudicial

effect of the evidence did not outweigh its probative value. Mills argues that the evidence lacks any real probative value, while carrying a significant risk that Mills acted in conformity with a character trait of violence, and therefore, is unfairly prejudicial. Unfairly prejudicial evidence is not merely unfavorable evidence; rather, it is evidence, which might result in an improper bias for a jury decision. *State v. Bowman*, 144 Ohio App.3d 179, 186 (12th Dist.2001), citing *Oberlin v. Akron Gen. Med. Ctr.*, 91 Ohio St.3d 169, 172 (2001). We find the evidence is not unfairly prejudicial because the trial court properly admitted the evidence as relevant to Mills' intent to demonstrate an absence of mistake. Moreover, the trial court lessened any possible prejudice by providing a limiting instruction to the jury before presenting the evidence and again before submitting the case to the jury. *Ward*, 2014-Ohio-1990 at ¶ 37 (finding the trial court minimalized any potential prejudice by providing a limiting instruction before testimony and again before submitting the case to the jury).

**{¶ 19}** Nonetheless, Mills further argues that the evidence was not admissible because his claim of self-defense did not raise any questions regarding his identity, as he admitted punching Dearing. Again, Mills cites to *Curry* to support this argument. However, as noted above, the proper framework is under the Ohio Supreme Court's decision in *Williams*, which permits the admissibility of such evidence under Evid.R 404(B), even if the identity of the accused is not at issue. *Williams* at ¶ 2. Therefore, Mills' arguments are without merit and overruled.

**{¶ 20}** We find no abuse of discretion in the trial court's decision to admit the evidence pursuant to Evid.R. 404(B). Accordingly, Mills' sole assignment of error is overruled.

**{¶ 21}** Judgment affirmed.

S. POWELL and PIPER, JJ., concur.