[Cite as *State v. Evick*, **2019-Ohio-2791.**]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


STATE OF OHIO, :

    Appellee, : CASE NO. CA2018-03-016

- vs - : O P I N I O N
7/8/2019

JASON TODD EVICK, :

    Appellant. :


CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2017 CR 000191


D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for appellee

Craig A. Newburger, 477 Forest Edge Drive, South Lebanon, Ohio 45065, for appellant


**HENDRICKSON, P.J.**

{¶ 1} Appellant, Jason Todd Evick, appeals his convictions in the Clermont County Court of Common Pleas for domestic violence and abduction. For the reasons stated below, this court affirms his convictions.

{¶ 2} In early January 2017, a woman (the "victim") used the social media website Facebook to request a ride home from work from her network of online "friends." Appellant responded to the request and offered to drive her home. The victim accepted. As a result of this meeting, appellant and the victim became romantically involved. Their relationship continued for the next two and a half months. Initially, the two lived at the victim's step-

father's house. However, they eventually had to leave her step-father's residence and find other accommodations. While staying with friends or at hotel rooms, appellant and the victim continued to live together. The two eventually "settled" at a small campground style trailer park in Clinton County, Ohio.

{¶ 3} According to the victim, throughout their relationship, appellant would physically and mentally abuse her by kicking and punching her, threatening her, and otherwise exerting control over her. At one point, appellant told her that he could get away with murder because he could easily dispose of a body in a pond located on his friend's land. Additionally, appellant told the victim he was familiar with the smell of burning skin.

{¶ 4} In mid-March 2017, the victim asked appellant to take her to the hospital. Appellant ostensibly agreed and drove the victim into Clermont County. While on their journey, appellant decided to make two unrelated stops, one at his mother's house and the other at his mother's boyfriend's workplace. After the last stop, the two proceeded again to drive around Clermont County. When appellant exited the interstate highway in Miami Township the victim suspected that appellant was not taking her to the hospital, but was instead heading to his friend's property with the pond. At that point, the victim asked appellant where they were going and why they exited from the highway. Instead of answering, appellant punched the victim in the head.

{¶ 5} As the car came to a stop at a traffic signal, the victim, fearing for her safety, fled from appellant's vehicle and ran into a nearby IHOP restaurant. Upon entering the restaurant, she attempted to hide behind one of the hostesses. Another IHOP employee then brought the victim to the back of the restaurant and provided her with a cellular telephone to call 911 – which she did. During this time, appellant came into the restaurant to look for the victim, but quickly left. Law enforcement and emergency medical services subsequently arrived on scene.

{¶ 6} In addition to the victim's testimony, two of the IHOP employees testified about their interactions with the victim. They both testified the victim appeared afraid and that her face was red and swollen. Moreover, the responding police officer and emergency medical technicians also testified about the victim's physical injuries, as well as her anxious and fearful demeanor. Finally, the prosecutor presented, and had admitted into evidence, IHOP's surveillance video showing the victim enter the restaurant, the victim's 911 call, and photographs of the victim's injuries.

{¶ 7} Appellant was indicted for domestic violence and abduction, both charged as third-degree felonies. A jury found appellant guilty of both offenses and the trial court sentenced appellant to prison.

{¶ 8} Appellant now appeals his conviction, raising four assignments of error.

{¶ 9} Assignment of Error No. 1:

{¶ 10} THE TRIAL COURT ERRED BY ADMITTING OTHER BAD ACTS EVIDENCE AND IMPROPERLY INSTRUCTING JURY ABOUT SAID ACTS.

{¶ 11} In his first assignment of error, appellant contends the trial court abused its discretion by allowing the victim to testify to several past instances of physical and sexual abuse because the testimony was not admissible under Evid.R. 404(B) and was unfairly prejudicial. Further, appellant argues the trial court erred because the jury instructions on this evidence differed from the court's evidentiary ruling.

{¶ 12} A trial court has broad discretion to admit or exclude evidence. *State v. Hines*, 12th Dist. Clermont CA2017-06-025, 2018-Ohio-1780, ¶ 52. As such, a reviewing court will not disturb that decision absent an abuse of discretion that creates material prejudice. *State v. Diar*, 120 Ohio St.3d 460, 2008-Ohio-6266, ¶ 66; *accord State v. Martin*, 12th Dist. Butler No. CA2007-01-022, 2007-Ohio-7073, ¶ 9. An abuse of discretion is more than an error of judgment or law, it signifies that the trial court's decision was unreasonable, arbitrary, or

unconscionable. *State v. Bennett*, 12th Dist. Butler No. CA2017-09-138, 2018-Ohio-3623, ¶ 27.

{¶ 13} Evidence of an accused's other acts, wrongs, or crimes is not admissible when the sole purpose of that evidence is to prove the accused has a propensity to commit crime or has acted in conformity with his or her bad character. *State v. Hignite*, 12th Dist. Warren No. CA2015-07-063, 2015-Ohio-5204, ¶ 17; *accord State v. Kirkland*, 140 Ohio St.3d 73, 2014-Ohio-1966, ¶ 68. However, pursuant to Evid.R. 404(B) and R.C. 2945.59, evidence of those "other acts" is admissible if there is substantial proof the acts were committed by the accused and "the evidence tends to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *State v. Lowe*, 69 Ohio St.3d 527, 530 (1994). Moreover, Evid.R. 404(B) does not limit the "other purposes" to those outlined in the rule. *State v. Williams*, 134 Ohio St.3d 521, 2012-Ohio-5695, ¶ 17.

{¶ 14} In *Williams*, the Ohio Supreme Court created a three-part test a trial court must conduct when determining whether the evidence of other acts is admissible. *State v. Tench*, Slip Opinion No. 2018-Ohio-5205, ¶ 139, citing *Williams* at ¶ 20. First, the court must decide whether the other acts evidence is relevant, that is, "whether the evidence tends to make the existence of any fact of consequence to the determination of the action more or less probable than it would be without the evidence." *Id.* Second, the court must decide if the evidence is used for a "legitimate other purpose" or merely to show the character of the person and conduct in conformity to that character. *Id.* Third, the court must decide "whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice" pursuant to Evid.R. 403. *Id.*

{¶ 15} In this case, the state charged appellant with abduction in violation of R.C. 2905.02(A)(2). Therefore, the state had to prove appellant knowingly used force or threats to restrain the liberty of the victim under circumstances that created *"a risk of physical harm* to

the victim" or placed "the victim *in fear*." (Emphasis added.) R.C. 2905.02(A)(2).

{¶ 16} At trial, the victim testified both generally and specifically to other acts and wrongs that appellant perpetrated against her. In general, the victim testified that over the course of their relationship, appellant had frequently physically abused her and otherwise threatened serious violence against her. She testified that the attacks not only consisted of punches and kicks, but also choking. The victim recalled, at one point, appellant choked her near the point of unconsciousness.

{¶ 17} Specifically, the victim testified that when the two moved to the trailer park appellant's attacks against her escalated. Shortly after moving there, appellant accused the victim of engaging in sexual intercourse with another man at the trailer park. Appellant then forced the victim to remove her pants and shoes and digitally penetrated her. After removing his hand, appellant smelled his fingers. At another point, the victim attempted to treat a cut on her hand by going to the campground bathroom, when appellant suddenly appeared and kicked and punched her. A few days before the instant offenses, appellant asked the victim to perform oral sex. The victim refused. In retaliation, appellant pinned the victim to the bed with his knees and ejaculated on her face. In the victim's struggle to get free from appellant, she dislocated her shoulder. At some point, appellant also broke the victim's tailbone.

{¶ 18} Because of those serious injuries, the victim asked appellant to drive her to the hospital. Appellant relented and drove her to a nearby hospital, but ordered the victim to lie to the medical staff about the cause of her injuries. In addition to the physical attacks, as noted above, the victim testified that at different points in their relationship appellant would threaten to kill her and would explain how he could get away with murder because he could dispose of her body in a pond on his friend's property. The victim testified that she had been to appellant's friend's property, so she knew its whereabouts and how to get there. Finally, the victim testified that the reason she asked to again go to the hospital on the day of the

offenses was appellant had kicked her in the ribs and lower back earlier that morning and she had trouble breathing.

{¶ 19} After reviewing the record, this court finds it was not an abuse of discretion to admit the other acts evidence. First, the victim's testimony of the prior attacks constituted substantial proof that appellant committed these "other acts." *State v. Ward*, 12th Dist. Clermont No. CA2013-07-059, 2014-Ohio-990, ¶ 26 (a victim's testimony alone can constitute substantial proof of the other acts).

{¶ 20} Second, using the *Williams* test, the testimony was relevant to the instant offenses, was used for a legitimate purpose pursuant to Evid.R. 404(B), and was not unfairly prejudicial. It provided context into why the victim feared appellant and decided to flee from the vehicle. This court has previously held that in the context of a domestic violence trial, evidence of the offender's prior acts of violence against the same victim are "'highly probative in establishing the victim's belief of impending harm.'" *State v. Binks*, 12th Dist. Butler No. CA2017-08-118, 2018-Ohio-1570, ¶ 50, quoting *State v. Rhoads*, 12th Dist. Clermont No. CA2012-05-040, 2013-Ohio-152, ¶ 29; *see also State v. Thomas*, 12th Dist. Butler No. CA2008-08-197, 2009-Ohio-4261, ¶ 16 (a victim's state of fear is an element of an abduction offense, therefore evidence of prior criminal actions is relevant).

{¶ 21} In this case, the evidence of past violence showed that the victim had a legitimate reason to fear appellant. Appellant's threats to kill the victim and dispose of her body in a specific manner were necessary to show the jury that he placed the victim in fear or otherwise created a risk of physical harm to the victim. Moreover, these "other acts" establish that when appellant exited the highway the victim believed appellant was no longer taking her to the hospital but was instead going to his friend's property. Therefore, the evidence of the past threats and violence was important to establish the victim's fear of appellant. Consequently, such evidence was used for a legitimate purpose under Evid.R.

404(B) and not as character evidence.

**{¶ 22}** Furthermore, the evidence was not unfairly prejudicial. Under Evid.R. 403(A), the trial court must exclude evidence when the danger of unfair prejudice substantially outweighs the probative value. As noted above, the prior acts are highly probative of the victim's fear. Moreover, there is no undue prejudice. The trial court properly instructed the jury that the evidence was not to be considered to show appellant's character or that he acted in conformity with his character. *See State v. Mills*, 12th Dist. Clermont No. CA2015-12-101, 2016-Ohio-6985, ¶ 18 (a trial court minimizes potential prejudice by providing limiting instructions at the time the evidence is offered and before deliberation). An appellate court presumes the jury followed the court's limiting instructions. *Hines*, 2018-Ohio-1780 at ¶ 59. Consequently, the trial court did not abuse its discretion admitting this evidence because it was not unfairly prejudicial.

**{¶ 23}** Next, appellant argues the trial court erred because it improperly instructed the jury on how to consider the other acts evidence. Specifically, appellant argues the trial court ruled that the evidence was admissible for the purpose of considering the victim's state of mind, but instructed the jury to consider the evidence for the defendant's state of mind.

**{¶ 24}** Appellant did not object to the limiting instructions at the time they were given by the trial court. A failure to object to jury instructions waives all but plain error review.[1]

---

1. Appellant implied in his brief that the assigned error amounted to structural error. A reviewing court presumes that any constitutional errors are subject to a harmless error analysis if the defendant was represented by counsel and tried by an impartial adjudicator. *State v. Wamsley*, 117 Ohio St.3d 388, 2008-Ohio-1195, ¶ 16. A structural error is a constitutional defect that affects the whole framework of the trial, such that the trial is not a reliable vehicle for determining guilt or innocence. *State v. Perry*, 101 Ohio St.3d 118, 2004-Ohio-297, ¶ 17. In the context of jury instructions, a structural error analysis is applicable when a trial court misdefines the state's burden of proof, i.e. reasonable doubt, because that error vitiates all of the jury's findings. *State v. Wilks*, 154 Ohio St.3d 359, 2018-Ohio-1562, ¶ 135-136, citing *Sullivan v. Louisiana*, 508 U.S. 275, 113 S. Ct. 2078 (1993). The *Wamsley* court held that a plain error analysis was proper even though the trial court failed to instruct the jury on the requisite mental state and elements of the offense because the improper instruction did not undermine the framework of the trial. 2008-Ohio-1195 at ¶ 24. Following *Wamsley* and *Wilks*, this court will apply a plain error analysis to the case at bar because the jury instructions did not render the trial fundamentally unfair or otherwise vitiate all of the jury's findings.

*State v. Taylor*, 78 Ohio St.3d 15, 27 (1997); *see also State v. Barnes*, 94 Ohio St.3d 21, 27 (2002). To constitute plain error there must be a deviation from a legal rule. *Barnes* at 27. Second, the error must be fundamental, palpable, and obvious on the record such that it should have been apparent to the court without an objection. *State v. Barnette*, 12th Dist. Butler No. CA2012-05-099, 2013-Ohio-990, ¶ 30. Third, the error must have affected appellant's substantial rights, i.e. the error affected the outcome of the trial. *Barnes* at 27. An appellate court will take notice of plain error with "utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice." *State v. Baldev,* 12th Dist. Butler No. CA2004-05-106, 2005-Ohio-2369, ¶ 12.

{¶ 25} When reviewing jury instructions, an appellate court reviews the instructions as a whole. *State v. Johnson,* 12th Dist. Warren No. CA2015-09-086, 2016-Ohio-7266, ¶ 109. If the instructions fairly and correctly state the law applicable to the evidence at trial, a reviewing court will not find reversible error merely on the possibility the jury may have been misled. *Id.* After reviewing the jury instructions, this court finds no plain error. The trial court properly instructed the jury not to consider the evidence for the purpose of appellant's character or that appellant acted in conformity with that character. Furthermore, instructing the jury to consider the evidence for purposes of the defendant's mental state is within the legitimate purposes of Evid.R. 404(B) and R.C. 2945.59, since both the rule and the statute allow "other acts" evidence to prove an offender's motive, plan, or scheme. *Hines*, 2018-Ohio-1780 at ¶ 52-54. Therefore, it was proper for the jury to consider this evidence for the purpose of considering appellant's motive or scheme in taking the detour off the highway and otherwise not delivering the victim to a hospital.

{¶ 26} Accordingly, the trial court did not abuse its discretion by admitting the other acts evidence and the provided jury instructions did not constitute plain error. Appellant's first assignment of error is overruled.

{¶ 27} Assignment of Error No. 2:

{¶ 28} THE TRIAL COURT ERRED BY GRANTING STATE'S MOTION IN LIMINE.

{¶ 29} Next, appellant argues that the trial court erred when it granted the prosecutor's motion in limine and ruled that appellant could not question the victim about her drug use on the days prior to the offense.

{¶ 30} A trial court's decision on a motion in limine is a tentative, preliminary or presumptive ruling on anticipated evidentiary issues and it is

> incumbent upon a defendant, who has been temporarily restricted from introducing evidence by virtue of a motion in limine, to seek the introduction of the evidence by proffer or otherwise in order to enable the court to make a final determination as to its admissibility and to preserve any objection on the record for purposes of appeal.

*State v. Grubb*, 28 Ohio St.3d 199, 203 (1986). However, an offer of proof is not necessary if the evidence is excluded during cross-examination. Evid.R. 103(A)(2). The failure to object to the admissibility of the evidence waives all but plain error. *State v. Palmer*, 12th Dist. Butler Nos. CA2013-12-243 and CA2014-01-014, 2014-Ohio-5491, ¶ 20. As mentioned above, plain error occurs when the outcome of the trial clearly would have been different, but for the error. *Baldev*, 2005-Ohio-2369 at ¶ 12.

{¶ 31} In this case, the record shows that during his cross-examination of the victim, appellant did not attempt to introduce evidence of the victim's drug use, except as allowed to determine if she was impaired on the day of the offense. Therefore, appellant has waived all but plain error.

{¶ 32} Appellant has not established that error occurred. Despite the initial ruling, appellant was not prevented from introducing evidence of the victim's prior drug use. During redirect examination, the prosecutor "opened the door" into the victim's drug use when he directly inquired into the reason the victim and appellant had to leave her step-father's house.

In response to those questions, the victim admitted she had previously been addicted to heroin. As such, appellant had the opportunity to question the victim on her prior drug use on recross-examination. Consequently, there was no error, much less plain error.

{¶ 33} Appellant's second assignment of error is overruled.

{¶ 34} Assignment of Error No. 3:

{¶ 35} THE TRIAL COURT ERRED BY ADMITTING VICTIM'S TESTIMONY ABOUT CONDITIONS OF CAMPER.

{¶ 36} In his third assignment of error, appellant argues the trial court erred when it allowed the victim to testify about the specific conditions of the camper-trailer in which she lived in the days leading up to the instant offense. Appellant asserts that the victim's testimony regarding the camper-trailer was more prejudicial than probative, because it went beyond what was necessary to prove appellant cohabitated with the victim.

{¶ 37} Since appellant did not object to the victim's testimony about these conditions or otherwise request limiting instructions for the jury, he has waived all but a plain error review. *Palmer*, 2014-Ohio-5491 at ¶ 21.

{¶ 38} As noted above, Evid.R. 403(A) requires the trial court to exclude evidence when the danger of unfair prejudice substantially outweighs the probative value of the evidence. Nevertheless, "[u]nfairly prejudicial evidence is not merely unfavorable evidence; rather, it is evidence, which might result in an improper bias for a jury decision." *Mills*, 2016-Ohio-6985 at ¶ 18.

{¶ 39} The prosecutor introduced the victim's testimony about the camper-trailer for two reasons: (1) to prove an element of the domestic violence offense, i.e., that the victim and appellant lived together and (2) to show additional reasons why the victim feared appellant. Therefore, the miserable living conditions of the camper-trailer, such as the door only locking from the outside, no running water, and that appellant forced the victim to use a

bucket instead of the campground toilet, were probative as to why the victim feared appellant. The testimony demonstrated that the victim had limited access to the outside world because of appellant's dominion over her. Moreover, the victim's testimony on this subject was brief and the jury had other evidence of the victim's fear, e.g. the testimony from the IHOP employees. Therefore, appellant cannot show that the outcome of the trial clearly would have been different in the absence of this evidence. Consequently, it was not plain error to admit this evidence.

{¶ 40} Appellant's third assignment of error is overruled.

{¶ 41} Assignment of Error No. 4:

{¶ 42} THE TRIAL COURT ERRED BY ADMITTING VICTIM'S TESTIMONY REGARDING APPELLANT'S USE OF ICE AND ALSO REGARDING PHOTOS OF INJURIES THAT DID NOT OCCUR IN CLERMONT COUNTY.

{¶ 43} In his fourth assignment of error, appellant argues that the trial court erred when it did not strike the victim's testimony regarding appellant's purchase of "ice" after the court sustained appellant's objection.[2] Moreover, appellant argues that the trial court erred when it admitted photographs of the victim's injuries that were not the subject of the instant offenses.

{¶ 44} Appellant objected to the "ice" testimony and the trial court sustained his objection. Yet, appellant did not request that the court strike this testimony from the record. Since appellant did not request that the court strike the testimony, he has waived all but plain error review. *State v. Carmen*, 12th Dist. Clinton No. CA2007-06-030, 2008-Ohio-5842, ¶ 21.

{¶ 45} Appellant cannot show that it was plain error for the court to fail to strike the

---

2. Presumably "ice" refers to the street name of an illicit drug, most likely methamphetamine. While neither appellant nor appellee define the term in their merit briefs, at trial, during a side-bar discussion of appellant's objection, the prosecutor sought admission of this testimony because, he argued, appellant's use of "meth" was relevant.

testimony. First, as part of the final jury charge, the trial court specifically instructed the jury that when the court sustained an objection to a question they were to disregard any answers and not consider it as part of the evidence. Again, we presume that the jury followed the instructions of the trial court. *State v. Jones*, 135 Ohio St.3d 10, 2012-Ohio-5677, ¶ 194. Second, the testimony about the "ice" was relatively short and inconspicuous. The victim testified that appellant bought "ice," but did not mention or describe what ice was. These two factors indicate that the outcome of the trial would not have been different had the court stricken the testimony at the time of the objection. Therefore, appellant cannot establish plain error.

{¶ 46} Next, appellant argues the court erred by admitting photographs of injuries the victim received prior to the instant offenses because these photographs created unfair prejudice. Specifically, the photographs showed abrasions and contusions the victim sustained to her face, elbow, and shoulder. Appellant did not object to the admission of these photographs into evidence, therefore appellant has waived all but plain error. *Barnette*, 2013-Ohio-990 at ¶ 29.

{¶ 47} It was not plain error to admit this evidence. First, the photographs were relevant and probative of the injury the victim received from the instant offenses. The photographs showed the victim's face as it appeared on the day of the offense and several days afterward. Second, to the extent that the photographs depict the victim's other injuries, the photographs were used to corroborate the victim's testimony about why she feared appellant. Thus, the probative value was considerable. Moreover, the court specifically instructed the jury not to consider the "other acts" evidence for the purpose of determining whether appellant committed the instant offenses. The jury instructions lessened any potential prejudice. *Mills,* 2016-Ohio-6985 at ¶ 18. Therefore, the danger of unfair prejudice did not substantially outweigh the probative value of the photographs. Consequently,

appellant cannot establish the admission of these photographs constituted plain error.

{¶ 48} Accordingly, appellant's fourth assignment of error is overruled.

{¶ 49} Judgment affirmed.


S. POWELL and M. POWELL, JJ., concur.