[Cite as *State v. Stephens*, 2020-Ohio-5395.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

STATE OF OHIO,                                    :

    Appellee,                                  :               CASE NO. CA2020-01-008

    - vs -                                     :               O P I N I O N
                                                   11/23/2020

                                                    :

JASON WAYNE STEPHENS,                            :

    Appellant.                                 :

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2019-07-1036

Michael T. Gmoser, Butler County Prosecuting Attorney, John C. Heinkel, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

Michele Temmel, 6 S. Second Street, #305, Hamilton, Ohio 45011, for appellant

**PIPER, J.**

{¶1} Appellant, Jason Stephens, appeals his sentence in the Butler County Court of Common Pleas after pleading guilty to robbery and an accompanying firearm specification.

{¶2} Stephens and his codefendant robbed a victim of his personal property, including a bag, a cellular phone, a hat, and a belt. The two lured the victim into a vehicle

at which time Stephens held the victim at gunpoint until he surrendered his property. Stephens, who was 16 years old at the time of the incident, was later apprehended. A complaint was filed against him in the juvenile court for committing a crime that if charged as an adult would constitute aggravated robbery.

{¶3} After a probable cause hearing, the juvenile court transferred the case to the general division of common pleas court pursuant to Ohio's mandatory bindover procedures. Stephens was thereupon indicted for aggravated robbery and an accompanying firearm specification that required a three-year prison term.

{¶4} Stephens later pled guilty to a reduced charge of robbery and to a different firearm specification that required only an additional year in prison. The trial court sentenced Stephens to an indeterminate prison term of six to nine years, as well as one year on the firearm specification to run consecutive to the prison term. The trial court then transferred the case back to the juvenile court so that it could conduct an amenability hearing given that Stephens pled guilty to the reduced charge, which did not require a mandatory bindover.

{¶5} The trial court determined that Stephens was not amenable to juvenile court sanctions, and thus transferred the case back to the common pleas court. The trial court then imposed the sentence as described above. Stephens now appeals his sentence, raising the following assignments of error.

{¶6} Assignment of Error No. 1:

{¶7} THE JUVENILE COURT ABUSED ITS DISCRETION WHEN IT DETERMINED THAT 16-YEAR-OLD JASON STEPHENS WAS NOT AMENABLE TO JUVENILE COURT SANCTIONS.

{¶8} Stephens argues in his first assignment of error that the juvenile court abused its discretion by finding him not amenable to juvenile sanctions.

- 2 -

{¶9} Juvenile courts have exclusive initial subject matter jurisdiction in matters involving a child alleged delinquent for committing acts that would constitute a felony offense if committed by an adult. *State v. Golphin*, 81 Ohio St.3d 543, 545 (1998). However, in some matters, a child may be transferred to the general division of the common pleas court to be tried as an adult. R.C. 2152.12. In some circumstances, such transfer is mandatory. R.C. 2152.10.

**Mandatory Bindover**

{¶10} As relevant to the matter sub judice, R.C. 2152.10 provides in pertinent part,

> (A) A child who is alleged to be a delinquent child is eligible for mandatory transfer and shall be transferred as provided in section 2152.12 of the Revised Code in any of the following circumstances:
>
> * * *
>
> (2) The child is charged with a category two offense, other than a violation of section 2905.01 of the Revised Code, the child was sixteen years of age or older at the time of the commission of the act charged, and either or both of the following apply:
>
> * * *
>
> (b) The child is alleged to have had a firearm on or about the child's person or under the child's control while committing the act charged and to have displayed the firearm, brandished the firearm, indicated possession of the firearm, or used the firearm to facilitate the commission of the act charged.

{¶11} Stephens was 16 years old at the time of the offense and he possessed and used a firearm in the commission of a robbery. He was alleged to have committed conduct that if charged as an adult would constitute aggravated robbery in violation of R.C. 2911.01(A)(1), a category two offense. Therefore, Stephens' juvenile complaint contained an offense that required mandatory transfer to the adult court. R.C. 2151.26(B)(4)(b); *State v. D.B.*, 150 Ohio St.3d 452, 2017-Ohio-6952, ¶ 11.

{¶12} The juvenile court bound the matter over to the common pleas court where Stephens was indicted for aggravated robbery and its accompanying firearm specification. Stephens then pled guilty to a reduced robbery charge and firearm specification.

{¶13} The fact that Stephens pled guilty to a lesser offense rendered him eligible for a reverse bindover since the lesser charge of robbery, if it had originally been alleged in the juvenile complaint, did not require a mandatory transfer to the common pleas court. R.C. 2152.121(B)(3). The absence of a mandatory bindover could have allowed Stephens to benefit from the juvenile court's rehabilitative services. *State v. Abrams*, 8th Dist. Cuyahoga No. 109409, 2020-Ohio-2729.

**Reverse Bindover**

{¶14} Pursuant to R.C. 2152.121, the common pleas court is required to consider during the sentencing hearing how the child came to be tried in adult court and compare the original allegations within the juvenile complaint with the actual conviction for which the child is being sentenced. R.C. 2152.121(B). "In other words, the trial court must determine what the juvenile court *would have been required to do with the case* if the juvenile had been charged with only those offenses for which convictions were obtained." (Emphasis in original.) *D.B.* at ¶ 12. If the resulting offense would have permitted a discretionary rather than mandatory transfer, the trial court is required to impose sentence, stay the sentence, and return the matter to the juvenile court. R.C. 2152.121(B).

{¶15} "This process allows the juvenile court to assess, using its full discretion, whether the child would benefit from rehabilitative measures outside of the adult system even if the juvenile court was not afforded that initial opportunity due to the mandatory bindover." *State v. Abdullah*, 7th Dist. Mahoning Nos. 19 MA 0011 and 19 MA 0012, 2020-Ohio-4813.

{¶16} The state is permitted to object to the juvenile court's disposition and request that the sentence imposed upon the child by the common pleas court be invoked. R.C. 2152.121(B)(3)(b). Should the state object and file a motion asking for imposition of the trial court's sentence, "the juvenile court shall hold a hearing to determine whether the child is not amenable to care or rehabilitation within the juvenile system and whether the safety of the community may require that the child be subject solely to adult sanctions." *Id.* In so analyzing the issue, the statutes require the juvenile court to balance the relevant factors set forth in R.C. 2152.12(D) versus R.C. 2152.12(E).

{¶17} The section (D) factors include,

> (1) The victim of the act charged suffered physical or psychological harm, or serious economic harm, as a result of the alleged act.
>
> (2) The physical or psychological harm suffered by the victim due to the alleged act of the child was exacerbated because of the physical or psychological vulnerability or the age of the victim.
>
> (3) The child's relationship with the victim facilitated the act charged.
>
> (4) The child allegedly committed the act charged for hire or as a part of a gang or other organized criminal activity.
>
> (5) The child had a firearm on or about the child's person or under the child's control at the time of the act charged, the act charged is not a violation of section 2923.12 of the Revised Code, and the child, during the commission of the act charged, allegedly used or displayed the firearm, brandished the firearm, or indicated that the child possessed a firearm.
>
> (6) At the time of the act charged, the child was awaiting adjudication or disposition as a delinquent child, was under a community control sanction, or was on parole for a prior delinquent child adjudication or conviction.
>
> (7) The results of any previous juvenile sanctions and programs indicate that rehabilitation of the child will not occur in the juvenile system.

(8) The child is emotionally, physically, or psychologically mature enough for the transfer.

(9) There is not sufficient time to rehabilitate the child within the juvenile system.

{¶18} The section (E) factors include,

(1) The victim induced or facilitated the act charged.

(2) The child acted under provocation in allegedly committing the act charged.

(3) The child was not the principal actor in the act charged, or, at the time of the act charged, the child was under the negative influence or coercion of another person.

(4) The child did not cause physical harm to any person or property, or have reasonable cause to believe that harm of that nature would occur, in allegedly committing the act charged.

(5) The child previously has not been adjudicated a delinquent child.

(6) The child is not emotionally, physically, or psychologically mature enough for the transfer.

(7) The child has a mental illness or intellectual disability.

(8) There is sufficient time to rehabilitate the child within the juvenile system and the level of security available in the juvenile system provides a reasonable assurance of public safety.

{¶19} According to R.C. 2152.121, if the juvenile court grants the state's motion, it is required to transfer jurisdiction of the case back to the court in which the child pled guilty, and the sentence imposed by that court shall be invoked. Juvenile court decisions on "a child's amenability to rehabilitation in the juvenile system" are reviewed for an abuse of discretion. *In re M.P.*, 124 Ohio St.3d 445, 2010-Ohio-599, ¶ 14. An abuse of discretion is more than an error of judgment or law, it signifies that the trial court's decision was unreasonable, arbitrary, or unconscionable. *State v. Evick*, 12th Dist. Clermont No. CA2018-03-016, 2019-Ohio-2791, ¶ 12.

**Review of Stephens' Reverse Bindover**

{¶20} After reviewing the record, we find no abuse of discretion in the juvenile court's decision to return the case to the common pleas court for imposition of its sentence. Upon accepting a return of jurisdiction from the common pleas court, the juvenile court ordered an amenability evaluation before making its determination. The juvenile court's bindover investigation also contained Stephens' school records, medical and physical history, as well as Stephens' social history. The juvenile court also noted that it had presided over the initial probable cause hearing before transferring the case to the common pleas court, which included testimony from the victim regarding the robbery.

{¶21} The juvenile court considered that Stephens was 16 years old at the time he committed the robbery. The juvenile court also considered the facts of case, including that the victim was a classmate of Stephens and that Stephens and his codefendant lured the victim to the scene of the robbery under false pretenses of socializing together. However, once the victim entered the vehicle, Stephens put his firearm to the victim's head, threatened to shoot him, and demanded that the victim turn over his personal belongings.

{¶22} When reviewing the factors for transfer, the juvenile court considered that the victim suffered economic harm, and as a child himself, the victim was subjected to psychological harm associated with having a firearm pointed at his head while being robbed. According to the victim impact statement, the victim stated that he was "extremely impacted by this event and was having trouble trusting anyone after this occurred."

{¶23} Stephens' relationship with the victim permitted him to effectuate the robbery, as Stephens and his codefendant concocted a ruse to socialize with the victim so that they would be in a position to rob him. Stephens possessed and used a firearm during the robbery, including pointing the firearm at the victim's head and threatening to shoot him if he did not turn over his personal belongings.

{¶24} At the time of the robbery, Stephens was on probation resulting from a prior assault charge. The juvenile court also determined that Stephens was mature enough to be transferred, and such determination was made after the juvenile court reviewed the amenability report and accompanying documentation that included Stephens' medical and social histories.

{¶25} Regarding the factors for maintaining jurisdiction, the juvenile court considered the possibility that there may be sufficient time to rehabilitate Stephens within the juvenile system. Similarly, the court considered that Stephens, who had turned 17 years old at the time of the hearing, might possibly be subject to juvenile sanctions.

{¶26} However, upon balancing the factors, the juvenile court gave weight to the seriousness of the offense, including that Stephens was the one who held the firearm to the victim's head and that the victim, or someone else, could have been seriously injured or died during the offense. The court also determined that time spent subject to juvenile sanctions would not sufficiently address the seriousness of Stephens' actions and that the safety of the community required that Stephens be subject to adult sanctions.

{¶27} After presiding over the initial proceedings in juvenile court before the bindover, considering the reverse bindover investigation materials, and after holding a hearing on the reverse bindover matter, the juvenile court determined that the factors weighed heavily in favor of transferring the case to the common pleas court for imposition of its sentence. We find no abuse of discretion in this decision. As such, Stephens' first assignment of error is overruled.

{¶28} Assignment of Error No. 2:

{¶29} DEFENSE COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO OBJECT TO A DEFECTIVE COMPLAINT.

{¶30} Stephens argues in his second assignment of error that he was denied effective assistance of counsel when his defense attorney failed to object to the juvenile complaint's validity.

{¶31} To prevail on an ineffective assistance of counsel claim, Stephens must show his trial counsel's performance was deficient, and that he was prejudiced as a result. *State v. Clarke*, 12th Dist. Butler No. CA2015-11-189, 2016-Ohio-7187, ¶ 49; *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052 (1984). Trial counsel's performance will not be deemed deficient unless it fell below an objective standard of reasonableness. *Strickland* at 688. To show prejudice, Stephens must establish that, but for his trial counsel's errors, there is a reasonable probability that the result of his trial would have been different. *Id.* at 694.

{¶32} The failure to satisfy either prong of the *Strickland* test is fatal to an ineffective assistance of counsel claim. *Clarke* at ¶ 49. Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *State v. Proffitt*, 12th Dist. Butler Nos. CA2016-07-134 and CA2016-07-135, 2017-Ohio-1236, ¶ 17.

{¶33} Stephens alleges that his counsel was ineffective for failing to argue that his juvenile complaint was defective for not containing the firearm specification that accompanied the aggravated robbery charge.

{¶34} Juv.R. 22(D)(2) permits a juvenile to raise a defense or objection based on defects in the complaint and parallels Crim.R. 12(C)(2). Both provisions provide that a complaint's failure "to charge an offense" is one such defense or objection that a defendant may raise. Juv.R. 10(B) provides, in relevant part, that the complaint shall "state in ordinary and concise language the essential facts that bring the proceeding within the jurisdiction of the court, and in * * * delinquency proceedings, shall contain the numerical designation of

the statute * * * alleged to have been violated[.]"  Similarly, R.C. 2152.021(A)(1) provides that a "[delinquency] complaint shall allege the particular facts upon which the allegation that the child is a delinquent child * * * is based."

{¶35} However, a juvenile complaint need not specify the exact numerical designation of the statutory subsection under which the state intends to proceed so long as a reasonable, ordinary person would understand the charges against him or her, based on the language in the complaint.  *In re G. E. S.*, 9th Dist. Summit No. 23963, 2008-Ohio-2671, ¶ 15.

{¶36}  The record is clear that Stephens' juvenile complaint placed him on notice that the state was pursuing charges that involved Stephens' use of a firearm during the commission of the robbery.  According to the juvenile complaint, Stephens had a "gun in hand," and "pointed the gun at" the victim during the robbery.  These facts were used during the juvenile court's determination that Stephens' bindover to the common pleas court was mandatory, and at no time did Stephens lack notice that the state was prepared to use the firearm facts during its prosecution.  Thus, the complaint contained the essential facts as required by the juvenile rule and corresponding statute.

{¶37}  Moreover, there is no indication in the record that Stephens suffered prejudice or that any objection by his trial counsel to the juvenile complaint would have resulted in a different outcome.  As noted above, Stephens was bound over to the common pleas court and subsequently indicted on both the aggravated robbery charge and firearm specification. It was to those charges, not anything associated with the juvenile complaint, that Stephens pled guilty.  *See State v. Weaver*, 6th Dist. Lucas No. L-18-1078, 2019-Ohio-2477, ¶ 14 (recognizing a grand jury's authority to return an indictment that differs from the initial juvenile complaint so long as the additional charges in the indictment arise from the same conduct at issue before the juvenile court).

- 10 -

{¶38} On appeal, Stephens does not argue that his guilty plea in the common pleas court was involuntarily made or was constitutionally infirm in any manner. Thus, any objection to the juvenile complaint would have been meaningless to change the outcome of Stephens' guilty plea in the common pleas court to the charges for which he was ultimately indicted.

{¶39} Having reviewed the record, we find that Stephens' counsel was not deficient for failing to object to the juvenile complaint and that Stephens was not prejudiced as a result. Thus, Stephens' second assignment of error is overruled.

{¶40} Judgment affirmed.

HENDRICKSON, P.J., and S. POWELL, J., concur.